IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| DAVID N. BREWER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 13-1241-T ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) ) ) |
| Defendant. | ) |

ORDER AFFIRMING DECISION OF COMMISSIONER

Plaintiff filed this action to obtain judicial review of Defendant Commissioner's final decision denying his application for disability insurance benefits under the Social Security Act ("the Act"). Plaintiff's application was denied initially and upon reconsideration by the Social Security Administration. Plaintiff then requested a hearing before an administrative law judge ("ALJ"), which was held on September 22, 2011.

On February 8, 2012, the ALJ issued a decision, finding that Plaintiff was not entitled to benefits. The Appeals Council affirmed the ALJ's decision. This decision became the Commissioner's final decision. Plaintiff filed this action, requesting reversal of the decision of the Commissioner. For the reasons set forth below, the decision of the Commissioner is AFFIRMED.

Pursuant to 42 U.S.C. § 405(g), a claimant may obtain judicial review of any final decision made by the Commissioner after a hearing to which he was a party. "The court shall

have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." Id. The court's review is limited to determining whether or not there is substantial evidence to support the Commissioner's decision, 42 U.S.C. § 405(g), and whether the correct legal standards were applied. See Lindsley v. Commissioner, 560 F.3d 601, 604–08 (6th Cir. 2009); Kyle v. Commissioner, 609 F.3d 847, 854 (6th Cir. 2010).

The Commissioner, not the court, is charged with the duty to weigh the evidence, to make credibility determinations and resolve material conflicts in the testimony, and to decide the case accordingly. See Bass v. McMahon, 499 F.3d 506, 509 (6th Cir. 2007). When substantial evidence supports the Commissioner's determination, it is conclusive, even if substantial evidence also supports the opposite conclusion. See Foster v. Halter, 279 F.3d 348, 353 (6th Cir. 2001); Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986).

Plaintiff was born on October 20, 1970, and, as of his date last insured, was forty years old. R.122. He has a high school education and attended one year of college. R.158. Plaintiff worked as a tractor trailer driver, lawn and garden machinery assembler, and a material handler. R.154-55, 171. He alleges disability beginning February 22, 2007, R.29, 122, due to lung disorder, heart problem, migraines, gastro disorder, back injury, pinched nerve, degenerative arthritis, and chemical imbalance. R.153.

The ALJ enumerated the following findings: (1) Plaintiff last met the insured status requirements of the Act on December 31, 2010; (2) Plaintiff has not engaged in substantial

gainful activity since his alleged onset date; (3) Plaintiff has the following severe impairments: cervical degenerative disc disease, chronic obstructive pulmonary disease ("COPD"), migraines, adjustment disorder, and post-traumatic stress disorder ("PTSD"); but he does not have impairments, either alone or in combination, that meet or equal the requirements of any listed impairment contained in 20 C.F.R. pt. 404, subpt. P, app. 1 of the listing of impairments; (4) Plaintiff retains the residual functional capacity to perform sedentary work as defined in 20 C.F.R. § 404.1567(a), except that he would work best in jobs not requiring substantial interaction with the public; (5) Plaintiff is unable to perform his past relevant work; (6) Plaintiff was a younger individual with a high school education on the alleged onset date; (7) transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules ("the grids") as a framework supports a finding that Plaintiff is not disabled whether or not he has transferable job skills; (8) considering Plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform; (9) Plaintiff was not under a disability as defined in the Act at any time through the date of this decision.

The Social Security Act defines disability as the inability to engage in substantial gainful activity. 42 U.S.C. § 423(d)(1). The claimant bears the ultimate burden of establishing an entitlement to benefits. Born v. Secretary, 923 F.2d 1168, 1173 (6th Cir. 1990). The initial burden of going forward is on the claimant to show that he is disabled from engaging in his former employment; the burden of going forward then shifts to the

Commissioner to demonstrate the existence of available employment compatible with the claimant's disability and background. Id.

The Commissioner conducts the following, five-step analysis to determine if an individual is disabled within the meaning of the Act:

> 1. An individual who is engaging in substantial gainful activity will not be found to be disabled regardless of medical findings.
>
> 2. An individual who does not have a severe impairment will not be found to be disabled.
>
> 3. A finding of disability will be made without consideration of vocational factors, if an individual is not working and is suffering from a severe impairment which meets the duration requirement and which meets or equals a listed impairment in Appendix 1 to Subpart P of the regulations.
>
> 4. An individual who can perform work that he has done in the past will not be found to be disabled.
>
> 5. If an individual cannot perform his or her past work, other factors including age, education, past work experience and residual functional capacity must be considered to determine if other work can be performed.

20 C.F.R. § 404.1520(a)(4); Howard v. Commissioner, 276 F.3d 235, 238 (6th Cir. 2002). Further review is not necessary if it is determined that an individual is not disabled at any point in this sequential analysis. 20 C.F.R. § 404.1520(a). Here, the sequential analysis proceeded to the fifth step with a finding that, although Plaintiff cannot perform his past relevant work, there is a substantial number of jobs that exist in the national economy that he can perform.

Plaintiff argues that substantial evidence does not support the ALJ's findings. Specifically, Plaintiff contends that the ALJ should have called a vocational expert to testify

4

as to what jobs he could perform in light of his impairments. He also contends that the ALJ did not properly consider specific impairments or his impairments in combination. And, he complains of the weight given to his disability rating from the Veterans Administration ("VA"), the analysis of his subjective complaints, and the failure of the Commissioner to consider certain post-hearing evidence. Plaintiff's arguments are not persuasive.

As for his impairments, Plaintiff asserts that the ALJ failed to recognize that he has a severe impairment of idiopathic peripheral neuropathy. A diagnosis of a condition is not sufficient to establish that the condition is a severe impairment under the Act. See Young v. Secretary, 925 F.2d 146, 151 (6th Cir. 1990) ("This court has determined that a claimant must do more to establish a disabling mental impairment than merely show the presence of a dysthymic disorder"); Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir. 1988) ("The mere diagnosis of arthritis, of course, says nothing about the severity of the condition").

Plaintiff also asserts that the ALJ failed to recognize his diagnoses of hypertension, eczema, degenerative arthritis, and heart disorder as severe impairments or otherwise consider the effects of these conditions. An impairment can only be established by objective evidence, i.e., signs or laboratory findings obtained through medically acceptable clinical and laboratory diagnostic techniques. See 20 C.F.R. §§ 404.1508, 404.1529(a) ("[T]here must be medical signs and laboratory findings which show that you have a medical impairment. ..."); see also 20 C.F.R. § 404.1528(a) (symptoms are not enough to establish an impairment). And, after an impairment has been established, the signs and laboratory findings must show, along with the rest of the evidence, that the impairment significantly limits the claimant's

ability to do basic work activities. See 20 C.F.R. §§ 404.1520(c), 404.1521. Plaintiff has failed to cite to evidence showing the severity of these impairments or how they limit his ability to work.

Plaintiff also argues that the ALJ erred by minimizing his cervical degenerative disc disease. The ALJ discussed the medical evidence related to Plaintiff's cervical degenerative disc, found that it was severe impairment, and determined that it would not preclude Plaintiff from performing sedentary work. Plaintiff has not shown that his cervical degenerative disc caused additional limitations. Despite his cervical degenerative disc, Plaintiff retained range of motion in his neck, normal strength in all muscle groups, and normal sensation, and Plaintiff's ability to grasp and manipulate objects was normal. R.253, 259, 264, 267-69, 274-75, 280, 285, 306, 352-54. Plaintiff also had a normal sensory nerve conduction study. R.209. Plaintiff's treatment was conservative, in that he declined injections for his neck pain, and instead relied on medication. R. 247.

The ALJ determined that Plaintiff's PTSD was a severe impairment, but he had normal mental status examinations, he did well with his mental health medication, and his GAF scores were improving, despite the fact that Plaintiff attended few therapy sessions. R. 249, 278, 297, 397, 470, 476, 552, 558. Plaintiff's follow-up treatment for PTSD was sparse. R. 282-83, 345, 460, 542. Despite his PTSD, Plaintiff engaged in a variety of daily activities, including attending twelve hours of college courses. R.144-49, 344, 384, 473, 555. A state agency psychologist who reviewed Plaintiff's evidence opined that Plaintiff did not have a severe mental impairment, R.364, 375-76, but the ALJ found that he was more limited.

To the extent that Plaintiff argues that the ALJ failed to consider his impairments in combination, this argument also fails.[1] It is sufficient for an ALJ to state that he considered whether a combination of the claimant's impairments met or medically equaled the requirements of any of the listings and that he considered all symptoms in assessing the claimant's residual functional capacity, as the ALJ did in this case. See Malone v. Commissioner, 507 F. App'x 470, 472 (6th Cir. 2012) (citing Loy v. Secretary, 901 F.2d 1306, 1310 (6th Cir.1990); Gooch v. Secretary, 833 F.2d 589, 591–92 (6th Cir.1987) (An ALJ's discussion of individual impairments does not imply that he failed to consider the effect of the impairments in combination when the ALJ specifically refers to a "combination of impairments" in finding that the plaintiff does not meet the listings.)).

Plaintiff's contention that the disability rating decision that he received from the VA constitutes res judicata for his Social Security disability application is without merit. As discussed in Ritchie v. Commissioner, 540 F. App'x 508, 510 (6th Cir. 2013),

> Plaintiff's main argument on appeal is that the administrative law judge failed to give adequate weight to the 100% disability rating plaintiff received from the Veterans Administration in 1987 and, additionally, failed to explain the reason for not giving it more weight. The administrative law judge was not bound to accept the disability rating made by the Veterans Administration. The social security disability rules are clear:
>
>> A decision by any ... other governmental agency about whether you are disabled ... is based upon its rules and is not our decision about whether you are disabled.... We must make a disability ... determination based on social security law. Therefore, a determination made by another agency that you are disabled ... is not binding on us.

---

[1] A disability may result from multiple impairments, no one of which alone would constitute a full disability. See Morreale v. Heckler, 595 F. Supp. 907, 911 (E.D. Mich.1984).

20 C.F.R. § 404.1504. We have held that a disability rating from the Veterans Administration is entitled to consideration, but we have not specified the weight such a determination should carry when determining social security disability eligibility. Stewart v. Heckler, 730 F.2d 1065, 1068 (6th Cir.1984).

Ritchie, 540 F. App'x at 510.

Plaintiff also contends that the ALJ did not properly assess his subjective complaints. It is for the ALJ, and not the reviewing court, to evaluate a claimant's credibility. Rogers v. Commissioner, 486 F.3d 234, 237 (6th Cir. 2007). Accordingly, an ALJ's credibility findings are entitled to considerable deference and should not be lightly discarded. Casey v. Secretary, 987 F.2d 1230, 1234 (6th Cir.1993). The court is "limited to evaluating whether or not the ALJ's explanations for partially discrediting [a claimant] are reasonable and supported by substantial evidence in the record." Jones v. Commissioner, 336 F.3d 469, 476 (6th Cir. 2003).

Here, the ALJ discredited Plaintiff's subjective complaints because the severity of symptoms that Plaintiff complained of was not supported by the objective evidence of record. Plaintiff's credibility was undermined by his noncompliance with treatment, his activities of daily living, and his ability to function independently. R.144-48. Contrary to Plaintiff's allegations of disabling neck and back pain, treatment for this condition has been relatively sparse and consisted of medication management. R.18. Additionally, Plaintiff's allegations about his sitting, standing and walking limitations were inconsistent with physical examinations showing that he had no abnormalities in gait, station, or range of motion in his extremities. R.259, 264, 268, 274-75, 306, 353.

8

Although Plaintiff contests the ALJ's use of his daily actives to undermine his credibility, alleging that he was only able to perform a few activities on a minimal basis, the record shows that Plaintiff did more than perform a few activities in that he attended college full-time, watched his children after school, performed household chores such as cleaning and laundry, hunted and fished, shopped, and regularly visited a local tavern to shoot pool. R.144-49. ALJ's explanation for discrediting Plaintiff's allegations is reasonable and supported by substantial evidence.

Plaintiff asserts that post-hearing evidence dated January 2012 shows that he had heart abnormalities, that he underwent various heart procedures, and that he might have to have a heart transplant. In light of this evidence, Plaintiff argues that the ALJ should have recognized that his heart disease was a severe impairment. Plaintiff's argument is unpersuasive. The evidence of Plaintiff's heart condition is dated January 2012, R.577-606, over a year after the date that he was last eligible for disability insurance benefits. R.122. In order to receive disability insurance benefits, a claimant must prove that he became disabled prior to the date that he was last insured for such benefits. See 42 U.S.C. §§ 416(i)(3), 423(a), (c); 20 C.F.R. §§ 404.101, 404.130, 404.131. Consequently, for evidence to be relevant as to whether Plaintiff is disabled, it must relate to the period before Plaintiff's date last insured. See Key v. Callahan, 109 F.3d 270, 273-74 (6th Cir. 1997). Plaintiff has pointed to no evidence in the record that his heart condition was at the same level of severity prior to his date last insured.

At step five of the sequential evaluation process, the ALJ had to determine if Plaintiff could do other work in the national economy. The United States Supreme Court has upheld the Commissioner's reliance on the grids when a claimant's vocational factors and residual functional capacity coincide with the criteria of a particular grid rule. See Heckler v. Campbell, 461 U.S. 458 (1983). The Sixth Circuit has also recognized that the Commissioner may rely on the grids unless a claimant has non-exertional limitations that significantly limit the range of work at a designated level. See Atterberry v. Secretary, 871 F.2d 567, 572 (6th Cir. 1989). When the grids cannot be used to direct a finding of disabled or not disabled because of the claimant's nonexertional limitations, they may be used as a framework for the decision making process. See 20 C.F.R. §§ 416.969, 416.969a(d); 20 C.F.R. pt. 404, subpt. P, app. 2, § 200.00(e)(2).

In the present case, the ALJ recognized that Plaintiff had limitations that precluded the strict application of the grids and that he could use the grids only as a framework for his decision. Grid Rule 201.28 directs a finding of not disabled for claimants who can perform sedentary work, are age eighteen to forty-four, have at least a high school education, and have skilled or semi-skilled work experience. See 20 C.F.R. pt. 404, subpt. P, app. 2 § 201.28. Plaintiff meets all these characteristics but has a nonexertional limitation. The ALJ found that Plaintiff's nonexertional limitation had little or no effect on the occupational base. Thus, a significant number of sedentary jobs existed that Plaintiff could perform. See 20 C.F.R. § 404.1520(g).

Plaintiff argues that the ALJ should have called a vocational expert to testify as to Plaintiff's past relevant work and to determine what jobs he could perform. Plaintiff's only nonexertional limitation is that he works best without substantial interaction with the public. The fact that Plaintiff works best in one type of job does not preclude his performance of any type of job. Consequently, Plaintiff's nonexertional limitation does not erode the occupational base of sedentary work.

Evidence about the types of jobs in the sedentary occupational base shows that Plaintiff's nonexertional limitation would not erode the sedentary occupational base. Specifically, all of the jobs contemplated by the grids are unskilled. See 20 C.F.R. pt. 404, subpt. P, app. 2 § 200.00(b) ("Administrative notice has been taken of the numbers of unskilled jobs that exist throughout the national economy at the various functional levels."). Therefore, the fact that Plaintiff would work best in settings without substantial interaction with the public would not significantly reduce the number of unskilled sedentary jobs available. Plaintiff does not have nonexertional limitations which significantly limit the range of sedentary work; thus, the ALJ properly used Grid Rule 201.28 as a framework to find that Plaintiff was not disabled.

Because there is substantial evidence in the record supporting the Commissioner's decision denying Plaintiff's application for benefits, the decision of the Commissioner is AFFIRMED. The clerk is directed to enter judgment accordingly.

IT IS SO ORDERED.

s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE